IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

G'ANTE BUTLER, ZARION BUTLER, NADARIUS BARNES, CHASE LEWIS, AND DONNELL HALL,

    Defendants.

Case No. 21-20027-JAR

## MEMORANDUM AND ORDER

Defendants G'Ante Butler, Zarion Butler, Nadarius Barnes, Chase Lewis, and Donnell Hall were charged in a two-count Indictment with forcible assault of a federal officer, in violation of 18 U.S.C. § 111(a) and (b) (Count 1) and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 2). This matter is before the Court on Defendants Donnell Hall, G'Ante Butler, and Nadarius Barnes' Joint Motion to Sever, or Alternatively, Motion in Limine (84); and Defendants' Joint Motion to Dismiss Count 2 of the Indictment (Doc. 85). The Government filed responses in opposition, including a supplemental response to the Motion to Dismiss.[1] The Court has heard oral argument on the motions and is prepared to rule. For the reasons discussed below, the Court grants Defendants Hall, Butler, and Barnes' joint motion to sever and denies the Defendants' joint motion to dismiss.

---

[1] Docs. 92, 93, 98.

I.    **Factual Background**

During an investigation into an August 3, 2020 shooting, Bureau of Alcohol, Tobacco, and Firearms ("ATF") Special Agents conducted several interviews with Co-Defendants Chase Lewis and Zarion Butler. On February 10, 2021, Lewis provided a 51-minute statement in which he implicated himself and G'Ante Butler in the shooting. The ATF did not record Lewis' statement but included a written summary in its investigation report. On June 7, 2021, Zarion Butler provided a 1 hour and 42-minute statement in which he implicated himself, Lewis, Nadarius Barnes, G'Ante Butler, and Donnell Hall in the shooting. The ATF recorded Zarion Butler's statement.

On June 2, 2021, a grand jury sitting in the District of Kansas returned a two-count Superseding Indictment against all five defendants, charging them with forcible assault of a federal officer, in violation of 18 U.S.C. §§ 111(a) and (b) (Count 1); and discharging a firearm during and in relation to the forcible assault charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Two).[2]

The Court heard oral argument on the pending motions on October 12, 2022.[3] That day, the Court received the statements of Lewis and Zarion Butler from the Government and reviewed them *in camera*.

II.   **Motion to Sever**

Defendants Hall, G'Ante Butler, and Barnes move to sever their trials from the trial of Co-Defendants Zarion Butler and Lewis. They argue that Zarion Butler and Lewis made

---

[2] Doc. 1.
[3] Doc. 97.

2

inculpatory statements about them that present Sixth Amendment confrontation issues under *United States v. Bruton*.[4]

While "[t]here is a preference in the federal system for joint trials of defendants who are indicted together,"[5] the court may sever the defendants' trial if joinder appears to prejudice a defendant.[6] Severance should be granted, however, only if there is a serious risk that a joint trial would either compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence.[7] The "determination of risk of prejudice and any remedy that may be necessary [is left] to the sound discretion of the district courts."[8]

A *Bruton* issue arises when a co-defendant's confession expressly implicates the defendant, even if it is only admitted against the co-defendant.[9] *Bruton* holds that a defendant is deprived of his Confrontation Clause rights when a non-testifying co-defendant makes an out-of-court confession that implicates the defendant, and the court admits the confession at their joint trial.[10] The Court explained that there is a "substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining petitioner's guilt."[11] In *United States v. Sarracino*, the Tenth Circuit held *Bruton* applies "even if the co-

---

[4] 391 U.S. 123 (1968).

[5] *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

[6] Fed. R. Crim. P. 14(a).

[7] *Zafiro*, 506 U.S. at 539.

[8] *Id.* at 541.

[9] 391 U.S. at 126.

[10] *Id.*

[11] *Id.*

3

defendant's statement is not facially or directly inculpatory, when the statement is evidence of a fact critical to the prosecution's case."[12]

The Court has reviewed the statements *in camera* and finds there is a substantial risk that the jury would look to the incriminating statements of Zarion Butler and Lewis in determining the guilt of the other co-defendants. Zarion Butler's statements present a classic *Bruton* problem, for these statements are admissions by him that directly and indirectly implicate Hall, G'Ante Butler, and Barnes as his accomplices in the shooting. Among other admissions, Zarion Butler admits his co-defendants planned the shooting with him, traveled with him to the site of the shooting, and conducted the shooting. Lewis' statements present the *Bruton* problem addressed in *Sarracino* because they contain evidence of facts "critical to the prosecution's case," including the make and caliber of G'Ante Butler's gun and the motive for the shooting.

As alternate remedies to the *Bruton* problem, the Government proposes empaneling multiple juries for a single trial or redacting the statements to exclude all references to the co-defendants, coupled with limiting instructions. The Court finds empaneling multiple juries impracticable for reasons of judicial efficiency. Redaction also would not work here, where the statements contain numerous references to the other four defendants. It would be difficult and confusing to eliminate "any reference to [the defendants'] existence"[13] without appearing "obviously redacted."[14] These statements present the type of serious risk contemplated by the Supreme Court in *Bruton* and its progeny.

---

[12] 340 F.3d 1148, 1160 (10th Cir. 2003) (citing *United States v. Glass*, 128 F.3d 1398, 1404 (10th Cir. 1997)).

[13] *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

[14] *See Gray v. Maryland*, 523 U.S. 185, 194 (1998).

Based on the present record, the Court grants the motion to sever. Obviously, the *Bruton* analysis may change depending on which statements—if any—the Government seeks to admit at trial and whether any of Defendants elect to plead guilty and testify at trial. To this end, the Government may renew its response closer to trial should circumstances no longer warrant severance.

### III.     Motion to Dismiss

Defendants contend that the Court should dismiss Count 2 of the Indictment because it charges them with using, brandishing, and discharging a firearm "during and in relation to" forcible assault of a federal officer, which they argue is not a qualifying predicate "crime of violence" under § 924(c)(3)(A). The Government argues that the Tenth Circuit held forcible assault of a federal officer was a crime of violence in *United States v. Kendall*, which remains controlling precedent.

Section 924(c) provides penalties for crimes of violence involving firearms. Section 924(c)(1)(A) states: "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall [be subject to an additional term of years]." In § 924(c)(3), the statute defines "crime of violence" as any offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

5

Courts call the first clause, § 924(c)(3)(A), the "elements clause," and the second clause, § 924(c)(3)(B), the "residual clause."[15]  The Supreme Court has invalidated the residual clause as unconstitutionally vague.[16]  Thus, to qualify as a crime of violence, an offense must meet the definition in the elements clause.

To determine whether § 111(b) is a "crime of violence" under the elements clause of 18 U.S.C. § 924, the Tenth Circuit applies the modified categorical approach.[17]  Under this approach, the Court must determine whether defendants were charged under a statute which has an element of physical force.[18]  The Court may " 'consult record documents' . . . such as the indictment," "for the limited purpose of identifying which of the statute's alternative elements formed the basis of the prior conviction."[19]  The Court must "compare the scope of conduct covered by the elements of the crime" with the definition of crime of violence in § 924(c)(3).[20]  So, the Court must identify the "minimum 'force' required" for the conviction and "determine if that force qualifies as violent."[21]  Physical force as used in § 924(c)(3)(A) means violent force, which is "force capable of causing physical pain or injury to another person."[22]

The underlying offense at issue here is forcible assault of a federal officer under 18 U.S.C. § 111(b).  In pertinent part, the statute provides:

---

[15] *Sessions v. Dimaya*, 138 S. Ct. 1204, 1211 (2018).

[16] *Id.* at 1210.

[17] *United States v. Kendall*, 876 F.3d 1264, 1269 (10th Cir. 2017).

[18] *United States v. Bowen*, 936 F.3d 1091, 1106 (10th Cir. 2019).

[19] *Kendall*, 876 F.3d at 1268 (quoting *United v. Titties*, 852 F.3d 1257, 1266 (10th Cir. 2017).

[20] *Id.* at 1102 (citing *United States v. O'Connor*, 874 F.3d 1147, 1151 (10th Cir. 2017)).

[21] *Id.* at 1103 (quoting *United States v. Hams*, 844 F.3d 1260, 1264 (10th Cir. 2017)).

[22] *United States v. Winder*, 926 F.3d 1251, 1254 (10th Cir. 2019) (quoting *Johnson v. United States*, 559 U.S. 133, 138 (2010)).

> **(a) In general**. Whoever-
>
> 1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title [18 USC § 1114] while engaged in or on account of the performance of official duties . . . shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.
>
> **(b) Enhanced penalty**. Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

In *Kendall*, the Tenth Circuit held that a conviction under § 111(b) is a crime of violence under the U.S.S.G. career-offender provision.[23] "Like the 'elements' clause[] in 18 U.S.C. §§ 924(c)(3)(A) . . . , § 4B1.2(a)(1) of the sentencing guidelines defines a 'crime of violence'—for purposes of the career-offender guideline, U.S. Sentencing Guidelines Manual § 4B1.1—to include any offense that 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'"[24]

The Tenth Circuit applied the modified categorical approach because the statute is "divisible as a whole," but subsections 111(a) and (b) are indivisible.[25] Then, it determined "every violation of § 111(b) is a crime of violence,"[26] citing numerous cases in which the Tenth Circuit and other courts found that crimes focused on bodily harm or dangerous or deadly weapons constituted crimes of violence.[27] The Tenth Circuit emphasized that one cannot inflict

---

[23] 876 F.3d 1264, 1269 (10th Cir. 2017).

[24] *United States v. Wade*, 719 F. App'x 822, 826 (10th Cir. 2017).

[25] 876 F.3d at 1269.

[26] *Id.* at 1270.

[27] *Id.* at 1270–71 (collecting cases).

bodily harm without using at least indirect physical force,[28] nor use a deadly weapon without at least threatening to use physical force.[29] Thus, "a conviction under § 111(b) necessarily requires a finding the defendant intentionally used, attempted to use, or threatened to use physical force against the person of another."[30]

Defendants acknowledge *Kendall*'s holding but argue that the Supreme Court abrogated *Kendall* in *Borden v. United States*.[31] Defendants contend that *Kendall* relies upon "law designed for misdemeanors," and that "*Borden* rejects this entire line of precedent."[32] In *Borden*, the Supreme Court interpreted the elements clause of the Armed Career Criminal Act (ACCA).[33] "ACCA's elements clause is nearly identical to the elements clause of § 924(c). Both require that a predicate offense 'has as an element the use, attempted use, or threatened use of physical force against . . . another.'"[34]

*Borden*, however, has no bearing on *Kendall*. In *Borden*, the Supreme Court held that offenses with a minimum *mens rea* of ordinary recklessness do not have as an element the "use, attempted use, or threatened use of physical force against the person of another."[35] The Court reasoned that "[t]he phrase 'against another,' when modifying the 'use of force,' demands that the perpetrator direct his action at, or target, another individual."[36] Reckless conduct cannot

---

[28] *Id.* at 1270.

[29] *Id.* at 1271.

[30] *Id.* at 1270 (internal quotations marks and alterations omitted) (quoting *United States v. Hernandez–Hernandez*, 817 F.3d 207, 217 (5th Cir. 2016)).

[31] *Borden v. United States*, 141 S. Ct. 1817, 1822 (2021).

[32] Doc. 85 at 2.

[33] 141 S. Ct. at 1822.

[34] *United States v. Toki*, 23 F.4th 1277, 1281 (10th Cir. 2022)

[35] 141 S. Ct. at 1821.

[36] *Id.* at 1825.

satisfy this standard because it "is not aimed in that prescribed manner."[37] The elements clause therefore "covers purposeful and knowing acts, but excludes reckless conduct."[38]

Unlike the offense in *Borden*, § 111(b) cannot be committed with a *mens rea* of ordinary recklessness. No court has held—nor do Defendants contend—that § 111(b) may be committed with a *mens rea* of ordinary recklessness. Rather, "the Supreme Court long ago explained that violating § 111 requires 'an intent to assault.'"[39] The Tenth Circuit regards forcible assault on a federal officer as a general intent crime,[40] and general intent is a qualifying *mens rea* for crimes of violence.[41] Likewise, other federal courts have held a § 111(b) "[c]onviction requires both the intent to commit one of the acts specified in § 111(a), and the intent to use the object that constitutes the deadly weapon."[42]

*Kendall* remains good law after *Borden*.[43] *Borden* only defined the *mens rea* requirement for crimes of violence, and it only abrogated contrary circuit court holdings on the issue of *mens rea*. Applying *Borden*, federal courts have determined various assault offenses with a minimum *mens rea* of ordinary recklessness are not crimes of violence, including the Fifth Circuit,[44] Eighth

---

[37] *Id.*

[38] *Id.* at 1826.

[39] *United States v. Kendall*, 876 F.3d 1264, 1271 (10th Cir. 2017) (citing *United States v. Feola*, 420 U.S. 671, 684 (1974)).

[40] *See United States v. Hill*, 526 F.2d 1019, 1027, 1027 n.6 (10th Cir. 1975) (citing *Pino v. United States*, 370 F.2d 247 (D.C. Cir. 1966); *Feola*, 420 U.S. at 671).

[41] *See, e.g.*, *United States v. Williams*, 893 F.3d 696, 702 (10th Cir. 2018) (citing *United States v. Ramon Silva*, 608 F.3d 663, 673 (10th Cir. 2010), *abrogated on other grounds by United States v. Ybarra*, 827 F. App'x 896 (10th Cir. 2020)).

[42] *United States v. Arrington*, 309 F.3d 40, 46 (D.C. Cir. 2002); *United States v. Clark*, No. CR 08-80, 2022 WL 114079 *3–4 (W.D. Pa. Jan. 12, 2022).

[43] Because *Kendall* remains binding precedent, the Court need not address Defendants' arguments regarding whether 111(b) contains a force element. *Kendall* holds that it does.

[44] *United States v. Bates*, 24 F.4th 1017, 1018 (5th Cir. 2022) (assault on a public servant).

Circuit,[45] Tenth Circuit,[46] and Eleventh Circuit.[47] When *mens rea* is not at issue, however, federal courts have declined to interpret *Borden* as abrogating prior precedent.[48]

In short, § 111(b) remains a crime of violence after *Borden*. Thus, § 111(b) is a qualifying predicate offense for the § 924 charge in the Indictment. Defendants have not demonstrated that the Indictment fails as a matter of law for lack of a qualifying predicate crime of violence, and the Court denies their motion to dismiss Count 2 of the Indictment.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants Hall, Butler, and Barnes' motion for severance (Doc. 84) is GRANTED.

**IT IS FURTHER ORDERED BY THE COURT** that Defendants' joint motion to dismiss (Doc. 85) is DENIED.

**IT IS SO ORDERED.**

Dated: November 4, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[45] *United States v. Frazier*, 48 F.4th 884, 887 (8th Cir. 2022) (intimidation with a dangerous weapon).

[46] *United States v. Toki*, 23 F.4th 1277, 1280 (10th Cir. 2022) (assault with a dangerous weapon).

[47] *United States v. Carter*, 7 F.4th 1039, 1043 (11th Cir. 2021) (aggravated assault).

[48] *See, e.g.*, *United States v. Clark*, 2022 WL 114079 *4 (W.D. Pa. Jan. 12, 2022) (forcible assault on a federal officer); *United States v. Larry*, 51 F.4th 290, 292 (8th Cir. 2022) (unlawful use of a weapon); *United States v. Elmore*, No. 3:13-CR-00764-WHO-6, 2022 WL 3716593 *1 (N.D. Cal. Aug. 27, 2022).
.